IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| TYLER WESLEY, )<br>)<br>Plaintiff, )<br>) CIVIL ACTION<br>vs. )<br>) Case No. 1:24-CV-03442<br>QUE MINH TRUONG, TRUSTEE OF THE )<br>QUE MINH TRUONG REV TRUST 50%, )<br>TRUONG UY THI, TRUSTEE OF THE TRUONG )<br>UY THI FAMILY TRUST 50% and )<br>LISA'S PLACE, INC., )<br>)<br>Defendants. ) | |

## **COMPLAINT**

COMES NOW, TYLER WESLEY, by and through the undersigned counsel, and files this, his Complaint against Defendants, QUE MINH TRUONG, TRUSTEE OF THE QUE MINH TRUONG REV TRUST 50%, TRUONG UY THI, TRUSTEE OF THE TRUONG UY THI FAMILY TRUST 50% and LISA'S PLACE, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## **JURISDICTION**

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' QUE MINH TRUONG, TRUSTEE OF THE QUE MINH TRUONG REV TRUST 50%, TRUONG UY THI, TRUSTEE OF THE TRUONG UY THI FAMILY TRUST 50% and LISA'S PLACE, INC., failure to remove physical barriers to access and violations of Title III of

1

the ADA.

## PARTIES

2. Plaintiff TYLER WESLEY (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Thornton, CO (Adams County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7. Defendant, QUE MINH TRUONG, TRUSTEE OF THE QUE MINH TRUONG REV TRUST 50% (hereinafter "QUE MINH TRUONG") is an individual who transacts business in the State of Colorado and within this judicial district.

8. Defendant, QUE MINH TRUONG, may be properly served with process via service, to wit: 5650 Del Coronado Drive, Apollo Beach, FL 80247-1293.

9. Defendant, TRUONG UY THI, TRUSTEE OF THE TRUONG UY THI FAMILY TRUST 50% (hereinafter "TRUONG UY THI") is an individual who transacts business in the State of Colorado and within this judicial district.

10. Defendant, TRUONG UY THI, may be properly served with process via service, to wit: 5650 Del Coronado Drive, Apollo Beach, FL 80247-1293.

11. Defendant, LISA'S PLACE, INC. (hereinafter "LISA'S PLACE, INC.") is a domestic company that transacts business in the State of Colorado and within this judicial district.

12. Defendant, LISA'S PLACE, INC., may be properly served with process via its Registered Agent for service, to wit: c/o Lisa A. Suggs, Registered Agent, 10285 Washington Street, Thornton, CO 80229.

## FACTUAL ALLEGATIONS

13. On or about July 9, 2024, Plaintiff was a customer at "Lisa's Place," a restaurant located at 10285 N. Washington, Thornton, CO 80229, referenced herein as "Lisa's Place". *See* Receipt attached as Exhibit 1. *See* Selfie attached as Exhibit 2.

14. Defendants, QUE MINH TRUONG, and TRUONG UY THI, are the owners or co-owners of the real property and improvements that Lisa's Place is situated upon and that is the subject of this action, referenced herein as the "Property."

15. Defendant, LISA'S PLACE, INC., is the lessee or operator of the real property and improvements that are the subject of this action.

3

16. Defendants, QUE MINH TRUONG and TRUONG UY THI, are responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendants, QUE MINH TRUONG and TRUONG UY THI, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendants' requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations. *See* 28 CFR § 36.201(b).

17. Plaintiff's access to Lisa's Place, located at 10285 N. Washington, Thornton, CO 80229, Adams County Property Appraiser's property identification number: 0171915104009 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

18. Plaintiff lives only 3 miles from the Property.

19. Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

20. Plaintiff has visited the Property once before as a customer and advocate for the disabled. Plaintiff intends to revisit the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a return customer to Lisa's Place, to determine if and when the Property is made accessible and to substantiate already existing standing for this lawsuit for Advocacy Purposes.

21. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

22. Plaintiff travelled to the Property as a customer once before as a customer, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

23. Although Plaintiff may not have personally encountered each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit. As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

24. Plaintiff's inability to fully access the Property and the stores in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

5

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

25. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

26. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

27. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

6

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

28. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

29. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

30. The Property is a public accommodation and service establishment.

31. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

32. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

33. The Property must be, but is not, in compliance with the ADA and ADAAG.

34. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or

7

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

35.     Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36.     Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

37.     Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

38.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's

8

access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

    i.    In front of Planet T's, one of the two accessible parking spaces is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

    ii.    Nearest Planet T's, due to a policy of placing multiple signs in front of the access aisle servicing the accessible parking spaces, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the rest of the units of the Property as Plaintiff's wheelchair would not be able to get past this barrier.

    iii.    Nearest Planet T's, due to a policy of placing multiple signs in front of the access aisle servicing the accessible parking spaces, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property.

    iv.    Nearest Planet T's, due to a policy of placing multiple signs in front of the access aisle servicing the accessible parking spaces, the Property lacks an accessible route from the accessible parking spaces to the accessible entrance

   of the Property in violation of Section 208.3.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access the units of the Property.

 v. Adjacent to Unit 10259, due to multiple stairs, the total vertical rise of accessible route is greater than ½ (one-half) inch and thus, the accessible route is not ramped in compliance with Section 405 or 406, this is a violation of Section 303.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because the vertical rise in the form of stairs would make it almost impossible for Plaintiff to safely access the interior of this public accommodation.

 vi. As a result of the barrier to access referenced in "v" the Property lacks a single accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property.

 vii. Nearest Lisa's Place, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

 viii. Nearest Lisa's Place, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of

        the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

ix.    Nearest Lisa's Place, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because steep slopes on ramp side flares could cause the wheelchair to tip over and injure Plaintiff.

x.    Nearest Lisa's Place, the second access aisle servicing the accessible parking space is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. This barrier to access would make it difficult and dangerous for Plaintiff to access the units of the Property from access aisle serving the accessible parking space as the far location increases the likelihood of traversing into the vehicular way and getting struck by a vehicle or encountering a barrier to access which stops Plaintiff from accessing the public accommodations offered at the Property.

xi.    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**LISA'S KITCHEN RESTROOMS**

xii.    Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This barrier to access would

       make it difficult for Plaintiff and/or any disabled individual to utilize the restroom sink as Plaintiff is seated in a wheelchair and, when seated, Plaintiff's feet and legs protrude out in front. In order to properly utilize a sink, Plaintiff's legs must be able to be underneath the surface of the sink, but due to the improper configuration of the sink, there is no room underneath for Plaintiff's legs and feet.

xiii. Due to the placement of a soap dispenser within 12" above the rear grab bar, there is inadequate space between the grab bar and objects placed above the grab bar in violation of Section 609.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff to safely transfer from the wheelchair to the toilet and back.

xiv. The clear floor space of the sink is blocked by a policy of placing a trash can in the clear floor space of the sink in violation of Section 606.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

xv. The height of the bottom edge of the reflective surface of the mirror in the bathroom is above the 40-inch maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This barrier to access would make it difficult for the Plaintiff and/or any disabled individual to properly utilize the mirror in the restroom since Plaintiff is sitting in a wheelchair and is lower than a person standing up.

xvi. The actionable mechanism of the paper towel dispenser in the restroom is located outside the maximum prescribed vertical reach range of 48 inches

12

        above the finished floor as set forth in Section 308.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to reach the actionable mechanism of the paper towel dispenser as individuals in wheelchairs are seated and have significantly less reach range than individuals who stand up.

xvii. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is not 36 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xviii. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.2 of the 2010 ADAAG standards as the rear bar does not properly extend at least 24 inches from the centerline of the toilet. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xix. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5.1 of the 2010 ADAAG standards as the side bar is located more than 12" from the rear wall. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

xx. The restrooms have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the side bar

                    is not 42 inches in length. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to safely transfer from the wheelchair to the toilet and back to the wheelchair.

      xxi.    Defendants have a policy of placing the toilet paper dispenser under the side grab bar of the accessible toilet so that the grab bar no longer complies with the 1 1/2-inch spacing requirement set forth in Section 609.3 of the 2010 ADAAG Standards. This barrier to access would make it difficult for Plaintiff and other individuals with disabilities to utilize the accessible toilet safely as the grab bars are blocked and/or impeded by the objects placed on or about the grab bars by Defendants.

39.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

40.    Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

41.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

42.    All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

43.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., have the financial resources to make the necessary.

45. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable. According to the Adams County Property Appraiser's Office the property is valued at $2,757,100.00.

46. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

47. Upon information and good faith belief, the Property has been altered since 2010.

48. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

49. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

50. Plaintiff's requested relief serves the public interest.

51. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC.

52. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

53. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, QUE MINH TRUONG, TRUONG UY THI and LISA'S PLACE, INC., to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: December 12, 2024.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


ATTORNEYS FOR PLAINTIFF